UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KREUGER INTERNATIONAL, INC.,

    Plaintiff,

v.                                                                                 Case No. 07-C-0736

FEDERAL INSURANCE COMPANY and
ST. PAUL FIRE AND MARINE INSURANCE
COMPANY,

    Defendants.

---

**ORDER FOR ENTRY OF JUDGMENT**

---

Plaintiff Krueger International, Inc. ("KI") filed this lawsuit seeking declaratory relief against two of its former liability insurers. KI sought a determination that Defendants St. Paul Fire and Marine Insurance Company ("St. Paul") and Federal Insurance Company ("Federal") had a duty under their respective policies to defend KI in an action filed against it by Studio & Partners s.r.l. ("S&P"), in which S&P alleged that KI had misappropriated S&P's furniture design ("the underlying action"). KI argued that S&P's complaint in the underlying action alleged that S&P sustained "advertising injury" as that term is defined in the insurer's respective policies. In addition to the coverage disputes, St. Paul also filed a counterclaim against KI seeking reimbursement for the amounts it had paid on KI's behalf under a reservation of rights to defend and settle the underlying action.

On November 19, 2007, the Court entered its decision and order granting summary judgment in favor of St. Paul and Federal concluding that neither policy provided coverage for KI in the

underlying action. Based on the Court's conclusion that there was no coverage under St. Paul's policy, the Court also denied KI's motion for leave to file an amended complaint in which KI sought to assert a claim for bad faith against St. Paul. The decision did not dispose of all of the claims, however. The Court held that the record was not sufficiently developed to decide St. Paul's counterclaim for reimbursement, and further scheduling has now been ordered as to that claim. Notwithstanding the fact that St. Paul's claim for reimbursement remains pending, the Court finds no just reason for delay as to the claims that have been decided and, therefore, pursuant to Fed. R. Civ. P. 54(b), directs Clerk to enter judgment on KI's claims for declaratory relief against St. Paul and Federal.

It is understood that by seeking leave to file an amended complaint against St. Paul for bad faith, KI has tolled the statute of limitations regarding such claim and, in the event the Court's coverage determination is reversed, St. Paul will not seek dismissal under the applicable statute of limitations. In the event St. Paul disagrees with this understanding and refuses to be bound by it, St. Paul shall notify KI within twenty days of this order so that KI can take whatever steps it deems necessary to preserve its bad faith claim.

Finally, the Court has observed that many of the filings related to the underlying action have been designated confidential and filed under seal pursuant to the protective order entered by the parties. The protective order facilitated discovery in the case by allowing free exchange of information without engaging in unproductive disputes over whether material the parties did not wish to disclose to the public was discoverable. Rather than engage in such disputes, the parties simply designated material they did not wish to disclose as confidential. Most of the materials disclosed to an opposing party remains out of public sight because discovery materials are not filed

with the court. Thus, the protective order achieved the goal of expediting discovery and maintaining confidentiality over material that was arguably not subject to discovery. Upon filing such material with the Court, however, the parties' own designation can no longer control.

The long-standing tradition in this country is that litigation is open to the public. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination). Many a litigant would prefer that the subject of the case-how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on-be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing."); *see also Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346 (7th Cir. 2006)("What happens in the federal courts is presumptively open to public scrutiny."). The records and decisions of the courts should be within the public's view to allow the public access to the reasoning upon which judicial decisions rest. *See Leavell* at 567. "[O]nly genuine trade secrets, or information within the scope of a requirement such as Fed.R.Crim.P. 6(e)(2) ('matters occurring before the grand jury'), may be held in long-term confidence*.*" *Id.* at 568 (*citing In re Continental Illinois Securities Litigation*, 732 F.2d 1302 (7th Cir.1984)).

Based on the foregoing, the parties are directed to designate within the next thirty days what, if any, material filed under seal should remain confidential and why. Absent a showing of good cause as required under Fed. R. Civ. P. 26(c)(1), all matters previously filed under seal will be made a part of the public record in this matter.

Accordingly, and for the above-stated reasons, the Clerk is directed to enter judgment in

favor of St. Paul and Federal and against KI on the claims for declaratory relief under their respective policies. All claims by KI are dismissed. St. Paul is to notify KI within the next twenty days if it does not agree that the statute of limitations regarding KI's bad faith claim is tolled. And absent a showing of good cause pursuant to Fed. R. Civ. P. 26(c)(1) within the next thirty days, all materials previously filed under seal shall be made part of the public record in this case

**SO ORDERED** this 16th day of December, 2008.

> s/ William C. Griesbach
> WILLIAM C. GRIESBACH
> United States District Judge